```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE       *    MDL Docket No. 2004
                                     4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS   *
                                     Case No.
LIABILITY LITIGATION            *    4:12-cv-181 (B. ROMAN)
_____
```

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Blanca Roman was implanted with ObTape, and she asserts that she suffered injuries caused by ObTape. Roman brought this product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Roman also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor contends that Roman's claims are barred by the applicable statutes of limitation. For the reasons set forth below, the Court agrees, and Mentor's Motion for Summary Judgment (ECF No. 46 in 4:12-cv-181) is granted. Roman's request for oral argument is denied.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND

Viewed in the light most favorable to Roman, the record reveals the following.

Roman lives in Texas, and all of her medical treatment relevant to this action occurred in Texas. Roman experienced incontinence, and she consulted with Dr. Charles L. Fougerousse. Dr. Fougerousse recommended mesh implant surgery, and he implanted Roman with ObTape on November 16, 2004.

After the implant surgery, Roman experienced pain and pressure in her vagina. She returned to Dr. Fougerousse twice but then did not go back to see him again. She instead saw another doctor, who referred her to Dr. Peter Lotze. Dr. Lotze examined Roman in April 2005 and told her that the ObTape "had done damage" and hurt her. Roman Dep. 102:2-19, ECF No. 46-4.

He also told Roman that he needed to take out the ObTape and do reconstructive surgery as soon as possible. *Id.* Dr. Lotze performed the revision surgery on May 4, 2005 and removed as much of the ObTape as he could. After the revision surgery, Roman's abdominal pain and pressure was resolved. *Id.* at 106:5-108:10.

Roman filed her Complaint on July 13, 2012. *See generally* Compl., ECF No. 1 in 4:12-cv-181. Roman brought claims for personal injury under a variety of theories, including strict liability/design defect, strict liability/failure to warn, strict liability/defective manufacturing, and negligence.

DISCUSSION

Roman filed her action in this Court under the Court's direct filing order. The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. The parties agree that Texas law, including its statutes of limitations, apply to Roman's claims because Roman is a Texas resident and all of her medical treatment relevant to this action occurred in Texas.

The parties agree that Roman's claims are subject to a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.003(a) (requiring that actions for personal injury be

3

brought within two years after the claim accrues). Texas's discovery rule applies if "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998) (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1994)). Under the discovery rule, "a cause of action does not accrue until a plaintiff knows or, through the exercise of reasonable care and diligence, 'should have known of the wrongful act and resulting injury.'" *Id.* at 37 (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)). Mentor argues that Roman's claims accrued in 2005, when Roman's doctors linked her symptoms to ObTape. Roman, however, contends that her claims did not accrue until she saw an advertisement suggesting that ObTape was defective.

Roman cited several cases that are instructive. In *Pavich v. Zimmer, Inc.*, 157 F.3d 903 (5th Cir. 1998) (per curiam), the Fifth Circuit noted that the Texas discovery rule applied to a plaintiff's claims based on injuries due to breaks in surgical rods implanted in his spine. *Pavich*, 1998 WL 612290, at *2. According to the Fifth Circuit, the plaintiff "acquired knowledge of facts which, in the exercise of reasonable diligence, would lead to the discovery of his injury" when his doctor told the plaintiff that his pain was likely due to breaks in the rods, and that is when his claims accrued. *Id.* at *2 to

*3. But the plaintiff did not file his suit until more than two years after his cause of action accrued, so his action was time-barred. *Id.*

In *Brandau v. Howmedica Osteonics Corp.*, 439 F. App'x 317, 322 (5th Cir. 2011) (per curiam), the Fifth Circuit found that the plaintiff's cause of action accrued under Texas law when her doctor reviewed an x-ray of the plaintiff's knee prosthesis and noticed possible problems with the prosthesis. The plaintiff's action in *Brandau* was timely because the plaintiff filed her action within two years of receiving that provisional diagnosis. *Id.*

And in *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999) (per curiam), the Fifth Circuit concluded that the plaintiff's cause of action accrued under Texas law when she began to conclude that her symptoms were related to problems with her hernia mesh. The Fifth Circuit rejected the plaintiff's argument that her claims did not accrue until a revision surgery revealed that the mesh had attached itself to her liver. *Id.* Because the plaintiff did not file her action within two years after she began to conclude that her symptoms were related to problems with her hernia mesh, her claims were time-barred. *Id.*

Based on *Pavich*, *Brandau*, and *Porterfield*, Roman's claims accrued in 2005, when her doctor told her that ObTape was

5

hurting her and needed to be removed as soon as possible and when Roman's abdominal pain and pressure were resolved after her doctor removed as much of the ObTape as he could.  Roman did not file her Complaint until more than seven years later, so her claims are time-barred.

## CONCLUSION

As discussed above, Roman's claims are time-barred, so Mentor's Motion for Summary Judgment (ECF No. 46 in 4:12-cv-181) is granted.  Roman's request for oral argument is denied.

IT IS SO ORDERED, this 4th day of August, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
